# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY ALVAREZ,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EMILY CHELLGREN** in her individual )<br>capacity and **SARAH WATERS** in her )<br>individual capacity, )<br>)<br>**Defendants.** ) | No. 2:25-cv-02281-KHV-TJJ |

## DEFENDANT SARAH WATERS' MOTION TO DISMISS

Defendant Sarah Waters respectfully moves the Court to dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

As discussed fully in the accompanying Memorandum in Support, Plaintiff fails to state any claim against Defendant Waters upon which relief can be granted, warranting dismissal under Rule 12(b)(6). Specifically, Plaintiff's facial First Amendment challenge in Count I cannot be raised against individual University administrators in their individual capacity, the only capacity in which Defendant Waters is being sued. To the extent Count I asserts an as-applied First Amendment claim, it is duplicative of Plaintiff's Count II First Amendment retaliation claim. Counts II and III fail because the First Amended Complaint lacks any specific allegations of unconstitutional conduct by Defendant Waters herself, which is an especially important aspect of the pleading standard for cases brought under 42 U.S.C. § 1983, like this one. Count II also must fail because Plaintiff's allegedly protected speech was made pursuant to his official duties, thus failing the first element of the *Garcetti/Pickering* analysis. Finally, Plaintiff's Count III procedural due process claim also fails at both steps of the required analysis. First, Plaintiff has failed to rebut

the presumption that his public employment is at-will and, consequently, does not create a property interest in continued employment. Second, Plaintiff was afforded constitutionally sufficient pre-termination process, including notice and an opportunity to respond in letters and meetings.

Independent from Plaintiff's failure-to-state a claim, Defendant Waters is entitled to qualified immunity. Because Plaintiff has failed to state a claim on all counts, he fails the first prong of the qualified immunity analysis. He also fails the second prong because no clearly established law holds that Defendant Waters' alleged actions were unconstitutional.

--------------------------------------------

**Wherefore**, this Court should grant Defendant Waters' motion, dismiss all of Plaintiff's claims with prejudice pursuant to Rule 12(b)(6), and grant all further and necessary relief.

Respectfully Submitted,

/s/ Michael T. Raupp
DEREK T. TEETER          KS BAR NO. 23242
MICHAEL T. RAUPP         KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Michael T. Raupp
***Attorney for Defendants***